MOROSINI v CITIZENS INSURANCE COMPANY OF AMERICA (ON REMAND)

Docket No. 186760. Submitted August 7, 1998, at Lansing. Decided October 20, 1998, at 9:10 A.M. Leave to appeal sought.

Kenneth Morosini brought an action in the 37th District Court against Citizens Insurance Company of America, seeking first-party, no-fault benefits for injuries sustained when he was assaulted by the driver of an automobile that had struck the plaintiff's automobile. The assault occurred when the plaintiff got out of his automobile to examine damage to his vehicle. After trial, the court, Thomas E. Kennedy, J., entered a judgment for the plaintiff. The Macomb Circuit Court, George C. Steeh, J., affirmed on appeal. The Court of Appeals, HOLBROOK, JR., P.J., and FITZGERALD and SMOLENSKI, JJ., affirmed, holding that injuries arising from assaults are compensable under the no-fault act when the assault arises out of a normal activity associated with the use of a vehicle as a motor vehicle, and that there was a sufficient causal nexus between the injuries sustained by the plaintiff in the assault and the use of a motor vehicle as a motor vehicle because the injuries were sustained in the course of fulfilling statutory obligations as a motor vehicle operator involved in an accident to inspect for damage and exchange information with any other motorist involved in the accident. 224 Mich App 70 (1997). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of McKenzie v Auto Club Ins Ass'n, 458 Mich 214 (1998). 458 Mich 866 (1998).

On remand, the Court of Appeals held:

Pursuant to McKenzie, whether an injury arises out of the use of a motor vehicle as a motor vehicle under MCL 500.3105(1); MSA 24.13105(1) turns on whether the injury is closely related to the transportational function of motor vehicles. In this case, the plaintiff's injuries arose out of the use of a motor vehicle as a motor vehicle because the fulfillment of statutory obligations regarding motor vehicle accidents is closely related to the transportational function of motor vehicles.

Affirmed.

INSURANCE — NO-FAULT — ACCIDENTAL BODILY INJURY — ASSAULTS.

   Whether an injury arises out of the use of a motor vehicle as a motor
       vehicle so as to be compensable pursuant to the no-fault act turns
       on whether the injury is closely related to the transportational
       function of motor vehicles; injury sustained by a motorist when
       assaulted while inspecting damage to the motorist's vehicle follow-
       ing an accident and exchanging information with another motorist
       involved in the accident is injury that is closely related to the trans-
       portational function of motor vehicles and thus is compensable
       under the no-fault act (MCL 257.618, 257.619, 500.3105[1]; MSA
       9.2318, 9.2319, 24.13105[1]).

*Gregory T. Zalecki*, for the plaintiff.

*Schellhase, Rekiel & Mitcham* (by *David C. John-
ston*) (*Gross, Nemeth & Silverman, P.L.C.*, by *Steven
G. Silverman*, of Counsel), for the defendant.

ON REMAND

Before: HOLBROOK, JR., and FITZGERALD and SMOLENSKI,
JJ.

PER CURIAM. This case is before us on remand from
the Supreme Court for reconsideration in light of
*McKenzie v Auto Club Ins Ass'n*, 458 Mich 214; 580
NW2d 424 (1998). 458 Mich 866 (1998). In *McKenzie*,
the Court held that whether an injury arises out of
the use of a motor vehicle as a motor vehicle under
MCL 500.3105(1); MSA 24.13105(1) turns on whether
the injury is closely related to the transportational
function of motor vehicles. Because the plaintiff in
*McKenzie* was using a camper/trailer attached to his
pickup truck as a sleeping accommodation at the
time of his injury, the Court concluded that the use
was too far removed from the transportational func-
tion to constitute use of the camper/trailer as a motor
vehicle at the time of the injury.

The facts of the present case are succinctly set forth in *Morosini v Citizens Ins Co of America*, 224 Mich App 70; 568 NW2d 346 (1997). Plaintiff's vehicle was struck from the rear by another motorist. The plaintiff got out of his vehicle and was in the process of examining the damage to his vehicle when he was assaulted by the driver of the other vehicle. We held that while assaults are not ordinarily part of the "normal risk" of driving, injuries arising from assaults are compensable under the no-fault act only when the assault arises out of a "normal activity associated with the use of a vehicle as a motor vehicle." Thus, we concluded that there was a sufficient causal nexus between the injuries sustained by plaintiff in the assault and the use of the motor vehicle as a motor vehicle because plaintiff's injuries were sustained in the course of fulfilling his statutory obligations as an operator of a motor vehicle involved in an accident to inspect for damage and exchange information with any other driver involved in the accident. MCL 257.618, 257.619; MSA 9.2318, 9.2319. This holding is consistent with the approach that focuses on transportational function because the fulfillment of statutory obligations with regard to motor vehicle accidents is closely related to the transportational function of motor vehicles.

Affirmed.